**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 02-20776**
**Summary Calendar**

**ELNA P. DAVIS,**

**Plaintiff-Appellant,**

**versus**

**JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,**

**Defendant-Appellee.**

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(H-01-CV-1149)**

March 7, 2003

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Claiming a common-law marriage had existed, Elna P. Davis appeals the district court's judgment affirming the denial of her application for widow's insurance benefits under 42 U.S.C. § 402(e)(1). Davis contends: (1) the errors in the Adminsitrative Law Judge's (ALJ) written findings were not harmless; (2) the Commissioner used the wrong legal standard; and (3) the decision was not supported by substantial evidence. (Because the ceremonial marriage occurred less than nine months before the husband's death,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*see* 42 U.S.C. § 416(c)(5), the claimed common-law marriage is at issue.)

Our review "is limited to determining whether [the] decision is supported by substantial evidence and whether the proper legal standards were applied". ***Ripley v. Chater***, 67 F.3d 552, 555 (5th Cir. 1995). Along this line, we "may not reweigh the evidence, try the issues de novo, or substitute our judgment for that of the Secretary". ***Haywood v. Sullivan***, 888 F.2d 1463, 1466 (5th Cir. 1989)(citation omitted). The errors contained in the ALJ's findings were harmless in the light of the explanations contained in the ALJ's decision. Texas Family Code § 2.401 (elements for common-law marriage) was properly applied. Finally, a reasonable mind could accept the bases for the Commissioner's denial; the Commissioner's finding that Davis was not common-law married to Robert Cantrell Feamster is deemed conclusive. *See* 42 U.S.C. § 405(g); ***Richardson v. Perales***, 402 U.S. 389, 390, 401 (1971).

***AFFIRMED***